R. & M. CHEVROLET CO., INC., Respondent, *v.* DRUG LUNCHEON-ETTE SUPPLY CO., INC., Appellant.

Supreme Court, Appellate Term, First Department, May 13, 1937.

*Nathan Krestnbaum*, for the appellant.

*Martha Duff*, for the respondent.

PER CURIAM. Plaintiff sold defendant five trucks under written contracts of sale which provided, in substance, that the trucks must be approved by defendant at the time of delivery or the order would be canceled. Defendant was to receive credit for other vehicles traded in. Plaintiff sues in conversion alleging that parts had been stripped from the cars traded in after the sale and before receipt by plaintiff.

The defendant alleged a counterclaim in breach of the contract of sale stating that at the time of the attempted delivery of the first two trucks to it under the written contracts, it refused to accept same and that a new oral agreement was thereupon made that the same property would be bought if the five trucks were placed in better repair after delivery. Thereupon two trucks were delivered to defendant and plaintiff received the cars which were traded in. The counterclaim asserts a breach by plaintiff of its covenant to repair the trucks.

The court below excluded proof of this new agreement on the ground that it violated the parol evidence rule in that it is attempted to alter the original written contracts which contained no provision with respect to repair of the trucks. Such ruling was error. The proof would have shown a second contract superseding the first which was canceled. Defendant had the absolute right to refuse the trucks under the first contract and did so. The second contract, though resting in parol, was enforcible as there was part delivery.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur. Present — LEVY, HAMMER and CALLAHAN, JJ.